**FILED**
MAY 2 6 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Felton L. Matthews, Jr.,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. **09 0976** |
| **Eric Holder et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

Plaintiff, a prisoner, has filed a pro se complaint for mandamus and an application to proceed in forma pauperis. The Court will grant the application, and dismiss the complaint for mandamus for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The plaintiff, through a complaint for mandamus pursuant to 28 U.S.C. § 1651, asks this court to order the "U.S. Government to protect, investigate, and if necessary, prosecute" certain individuals for mail tampering and for conspiracy to tamper with the mail. Compl., cover sheet. Plaintiff's concern is "why did three Las Vegas, NV judges, a D.A. and CCDC and NDOC actors plot to get me attacked and raped (which failed), and why is the conduct following me." Compl at 1.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (internal

quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted).

The complaint does not, and on these facts cannot, establish either that plaintiff has a clear right to the relief requested or that the defendants have a clear duty to perform a ministerial, clearly defined, and peremptory act. It is beyond serious debate that the police power of the state — that is vested in the executive branch to determine when and whether to initiate an investigation into law violations, and when and whether to prosecute law violations — is a discretionary function. "Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law . . . ." *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983). This well-settled rule is one of long-standing. *See The Confiscation Cases*, 74 U.S. 454, 456 (1868); *United States v. Nixon*, 418 U.S. 683, 693 (1974). "The federal courts have customarily refused to order prosecution of particular individuals at the instance of private persons." *Nader v. Saxbe*, 497 F.2d 676, 679 n.18 (D.C.

Cir. 1974) (collecting and discussing cases). Because the plaintiff seeks mandamus relief, but cannot show that he is entitled to it, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted against these defendants. 28 U.S.C. § 1915A(b)(1).

A separate order accompanies this memorandum opinion.

Date: 15/May 2009

/s/ United States District Judge